IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EMMITT LEE GRANGER, JR.,

        Petitioner,

  v.

CHARLES DANIELS "WARDEN",

        Respondent.

Civil No. 06-101-AS

FINDINGS AND RECOMMENDATION

ASHMANSKAS, Magistrate Judge.

    Petitioner, an inmate at the Federal Correctional Institution ("FCI") Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241.  For the reasons set forth below, Petitioner's habeas corpus petition should be denied and this proceeding dismissed.

**BACKGROUND**

    On May 11, 2000, Petitioner pleaded guilty in the United States District Court for the District of Oregon to one count of

1 - FINDINGS AND RECOMMENDATION -

Manufacture of Methamphetamine.  The Honorable Garr M. King sentenced Petitioner to 120 months of imprisonment, to be followed by five years of supervised release.

Petitioner's brother, John Granger, was a co-defendant and was also convicted of Manufacture of Methamphetamine.  John Granger was sentenced to serve 70 months, followed by a five-year period of supervised release.  John Granger was incarcerated at Federal Prison Camp ("FPC") Sheridan until his release from custody in July 2003.

Following John Granger's release from custody, he and Petitioner sought authorization for visitations.  Respondent denied their requests.  Petitioner alleges Respondent violated his due process rights to visit with his immediate family.  Petitioner also alleges his right to equal protection was violated because Respondent granted another inmate visitation with a brother who also was previously incarcerated at FPC Sheridan.

## DISCUSSION

### I.  Inmate Due Process Rights

Incarcerated persons retain only the "most basic" liberty interests arising from the Due Process Clause of the United States Constitution.  *Hewitt v. Helms,* 459 U.S. 460, 467 (1983).  Limitations of rights, such as visitation, are justified by the nature and purpose of lawful incarceration.  *Id.* (citing *Price v.*

2 - FINDINGS AND RECOMMENDATION -

*Johnson*, 334 U.S. 266, 285 (1948)); *see also Overton v. Bazzetta*, 539 U.S. 126 (2003)(upholding state law prohibiting inmates from visiting with former inmates).  Restrictions on visitation are to be expected with incarceration, and visitation with a specific individual "is not independently protected by the Due Process Clause."  *Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 460, 461 (1989); *see also Overton*, 539 U.S. at 131.  Moreover, courts generally extend "substantial deference" to prison officials in determining the appropriate means of accomplishing the goals of a correctional facility.  *Overton,* 539 U.S. at 132.

The United States Bureau of Prisons("BOP")regulations governing visitation at FCI Sheridan grant Respondent wide discretion to restrict inmate visitation to ensure the security and proper operation of the facilities.  Visitation with family is encouraged, but discretion is given to exclude family members when "strong circumstances" exist.  Visitation with persons who have prior criminal convictions is not prohibited outright, but specific approval of the Warden may be required based on the nature of the conviction and other factors.

Here, Respondent considered the fact that John Granger was Petitioner's co-defendant, that John Granger had been convicted of Manufacture of Methamphetamine, and that he had been incarcerated at FPC Sheridan.  Respondent concluded that valid security concerns precluded in-person visitation.  Petitioner and

3 - FINDINGS AND RECOMMENDATION -

John Granger remain free, however, to communicate by telephone or letter.  Accordingly, Respondent's decision not to allow Petitioner visitation with his brother did not violate Petitioner's due process rights, and Petitioner is not entitled to relief on this claim.

## II.  Equal Protection

The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . ."  It is well recognized that this clause encompasses equal protection principles.  *Mathews v. Castro*, 429 U.S. 181, 182, fn. 1 (1976); *see also Bolling v. Sharpe*, 347 U.S. 497, 499 (1954) ("discrimination may be so unjustifiable as to be violative of due process").  When no fundamental right is at issue, or when no suspect class is implicated, the inquiry in an equal protection claim focuses on whether the government action "'is patently arbitrary and bears no rational relationship to a legitimate governmental interest.'"  *Vermouth v. Corrothers*, 827 F.2d 599, 602 (9th Cir. 1987) (quoting *Young v. United States Parole Comm'n.,* 682 F.2d 1105, 1109 (5th Cir.), *cert. denied*, 459 U.S. 1021 (1982)).

As noted, Petitioner alleges he is not being treated equally because his brother was denied visitation rights while another inmate's brother, who had also previously been incarcerated at FPC Sheridan was granted visitation rights.  Petitioner does not

4 - FINDINGS AND RECOMMENDATION -

offer any evidence of the background or convictions of the other inmate or his brother.  Petitioner also offers no evidence that Respondent acted with an intent or purpose to discriminate against him based upon his membership in a protected class. Moreover, as discussed previously, no fundamental due process right to visitation by a specific individual exists for prison inmates.  Because Respondent's refusal to allow visitation rights is rationally related to the government's legitimate interest in maintaining security at its correctional facilities, Respondent did not violate Petitioner's equal protection rights.

## RECOMMENDATION

Based on the foregoing, Petitioner's Petition For Writ of Habeas Corpus (#1) should be denied and this proceeding should be dismissed.

## SCHEDULING ORDER

Objections to these Findings and Recommendation(s), if any, are due June 5, 2006.  If no objections are filed, the Findings and Recommendation(s) will be referred to a district court judge and go under advisement on that date.

If objections are filed, the response is due no later than June 23, 2006.  When the response is due or filed, whichever date

5 - FINDINGS AND RECOMMENDATION -

is earlier, the Findings and Recommendation(s) will be referred to a district court judge and go under advisement.

DATED this  23rd  day of May, 2006.

                                        /s/ Donald C. Ashmanskas
                                        Donald C. Ashmanskas
                                        United States Magistrate Judge